```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-20-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSE OTERO LUNA,

                              Petitioner,                  10 Civ. 2565 (PKC)(KNF)

        -against-

                                                 ORDER ADOPTING REPORT
                                                 AND RECOMMENDATION

DALE ARTUS,
                            Respondent.
-----------------------------------------------------------x

CASTEL, District Judge:

        This petition for a writ of habeas corpus from a state court conviction was referred to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation ("R & R"). In an R & R filed on July 20, 2011, Magistrate Judge Fox recommended that the petition be denied.

        The R & R advised the parties that they had 14 days from service of the R & R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. As of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. The R & R expressly called petitioner's attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1). Petitioner received clear notice of the consequences of the failure to object and has waived the right to object to the R & R or obtain appellate review. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.) (1992). See also Caidor v. Onondaga County, 517 F.3d 601 (2d Cir. 2008).

        Despite the waiver, I have reviewed the R & R, unguided by objections, and find it to be well-reasoned and grounded in fact and law. There is no reason why, in the interests of justice, the waiver of the right to object should not be enforced.

2

The insufficiency claim was not preserved and is meritless. The claim of ineffective assistance of appellate counsel, to the extent not exhausted, is plainly meritless and the Court declines to stay in order to permit exhaustion. To the extent exhausted, the ineffective assistance of appellate counsel claims have no merit. The Sixth Amendment claim is procedurally defaulted.

Were the court to reach the merits of the Confrontation Clause argument, it would be insubstantial. Detectives of the NYPD brought an alleged accomplice, Williams, on their trip to Allentown to assist in locating petitioner in or around 719 North Fountain Street, a place where he was known to live. In the course of his testimony, Detective Norcia stated that Williams "apparently spotted [petitioner] leaning out of a window" at 719 North Fountain Street (Tr. 401.) This is said to have been a testimonial statement by Williams not subject to cross-examination because it came into evidence through Noricia. No objection was made to Noricia's testimony. There was no motion to strike and no request for a limiting instruction. That said, in context of the evidence at trial, the testimony was inconsequential. Norica acknowledged that the Detectives had a photograph of petitioner with them on the trip; they knew where he was possibly living. (Tr. 401.) Noricia testified that one of the detectives went to the door, spoke with petitioner's wife, petitioner then came downstairs and agreed to accompany them to a local precinct. (Tr. 402.) The fleeting reference to Williams spotting petitioner leaning out of the location where they were looking for him could not, in the context of the entirety of a strong case against petitioner, have influenced the jury's verdict.

The Court has reviewed the petition and the arguments advanced by petitioner in his petition. The R & R is adopted in its entirety.

3

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by* United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 20, 2011